**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**


JAMES DALE BOWMAN,                    )
                                      )
                    Plaintiff,        )
                                      )
            vs.                       )        1:09-cv-0119-SEB-DML
                                      )
EDWIN BUSS, et al.,                   )
                                      )
                    Defendants.       )


### Entry and Order Directing Dismissal of Action

For the reasons explained in this Entry, the action must be dismissed for failure to state a claim upon which relief can be granted.

**I.**

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)). Because plaintiff James Bowman was a prisoner at the time this action was filed, see 42 U.S.C. § 1997e(h)(providing that the term "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program"), his amended complaint is subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To state a claim upon which relief can be granted, "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

**II.**

Bowman is confined at the Pendleton Correctional Facility ("PCF"), a prison operated by the Indiana Department of Correction ("DOC"). He alleges in this action brought pursuant to 42 U.S.C. § 1983 that the conditions of his confinement at the PCF have violated his federally secured rights. He names as defendants DOC Commissioner Edwin Buss and PCF Superintendent Brett Mize, and seeks injunctive relief, damages, costs and fees.

Bowman explains that in 2005 he was assigned to the protective custody unit at the PCF and in 2008 he was moved to administrative segregation. Bowman asserts two claims based on his transfer to and confinement in administrative segregation.

!      Bowman claims that his transfer to administrative segregation imposed atypical and significant hardships in relation to the normal conditions of confinement. Bowman contends that DOC should have transferred him to a "sex offender institution." This is Bowman's due process claim.

!      Bowman also claims that his confinement in administrative segregation constituted cruel and unusual punishment. Specifically he alleges that he is locked down for 23 hours each day and is forced to wear restraints to and from medical appointments and other visits. He claims that while in restraints he fell walking to a medical appointment, and the escorting officer fell on top of him. This fall apparently exacerbated the pain associated with the five degenerating discs in his back and his sciatica nerve. This is Bowman's Eighth Amendment claim.

Bowman has also filed a supplement to the amended complaint. In that supplement, Bowman states that his "central issue is that the Department of Correction's policy in itself is unconstitutional." It is evident from this description that Bowman is alleging that there is a policy requiring all inmates in administrative segregation to wear restraints when traveling throughout the PCF for appointments and meetings.

### III.

### A. 42 U.S.C. § 1983

An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[ ], privilege[ ], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983. Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. See *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan,* 957 F.2d 345, 349 n.1 (7th Cir. 1992).

### B. Due Process Claim

The due process clause is triggered when the government deprives an individual of life, property or liberty. See *Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989). Decisions and actions by prison authorities which do not deprive an inmate of a protected liberty interest may be made for any reason or for no reason. *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001)(when no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it chooses, or no procedures at all"). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

The Seventh Circuit Court of Appeals has adopted a stringent interpretation of *Sandin.* In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks,* 128 F.3d 1173, 1175 (7th Cir. 1997). Insofar as pertinent here, neither Bowman's transfer from the protective custody unit to administrative segregation, nor his confinement in administrative segregation once he arrived there represented an atypical and significant hardship in relation to the ordinary incidents of prison life. The conditions of confinement imposed on the plaintiff "'likely would apply to most solitary confinement facilities,' suggesting that the conditions themselves

were ordinary incidents of prison life that inmates have no liberty interest in avoiding." *Townsend v. Fuchs*, 552 F.3d 765, 772 (7th Cir. 2008) (*quoting Wilkinson v. Austin*, 545 U.S. 209, 222-24 (2005)).[1]

Bowman had no due process or other right to avoid placement in administrative segregation, even if he thought it unjustified. *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998)("Classifications of inmates implicate neither liberty nor property interests . . . .") (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). Further, Bowman had no right to placement in a "sex offender institution." See *Higgason v. Farley*, 83 F.3d 807, 809-810 (7th Cir. 1996)(the denial of access to educational programs does not infringe on a protected liberty interest, even if denied the opportunity to earn good time credits); *Garza v. Miller,* (1983) 688 F.2d 480, 485-86 (7th Cir. 1982)(there is no constitutional mandate that prisons must provide rehabilitative programs). Bowman has no liberty interest in avoiding transfer to a different unit (administrative segregation) within the PCF. Accordingly, there is no viable due process claim asserted in Bowman's amended complaint and the dismissal of that claim as legally insufficient is proper. See *Wilkinson*, 545 U.S. at 221 ("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.").

### C.  Eighth Amendment Claim

Bowman alleges that the conditions of confinement in administrative segregation at the PCF constitute cruel and unusual punishment in violation of the Eighth Amendment. *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993)("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

To prevail on an Eighth Amendment claim based on inadequate conditions, the prisoner must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted).

Bowman explains that he was placed in protective custody for his own protection and that when inmates in protective custody began to harass and throw urine at him he was transferred to administrative segregation. In this latter unit he is locked in his cell for 23 hours a day. This portion of the Eighth Amendment claims is a non-starter: "With limited social opportunities, that may not have been the most pleasant of experiences, but it . . . eliminated the risk of an attack. Prison officials do not violate the Eight Amendment because the mode of protection they offer does not sit well with a prisoner. Rather, if they offer reasonable protection from the threat, they have done their duty." *Dale v. Poston*, 548 F.3d 563, 570 (7th Cir. 2008).

In addition, Bowman complains that he was placed in restraints when taken to medical appointments and attorney visits. On one such occasion, Bowman fell while being transported in restraints and the escorting officer fell on top of him. There is no allegation that this fall or injury was a result of the alleged policy requiring inmates in administrative segregation to wear restraints when they are transported throughout the prison. Instead the

---

[1]      Bowman states in his complaint "prison officials imposed atypical and significant hardship on offender in relation to the ordinary incidents of prison life." This statement is not sufficient to state a claim. As the Supreme Court recently explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)(quoting *Twombly,* 550 U.S. at 555 & 557).

fall appears to be a singular and isolated event, having nothing whatever to do with the action or inaction of the defendants. These allegations are insufficient to allege that the defendants acted with deliberate indifference either in connection with that particular incident or in establishing the policy that inmates in administrative segregation are to wear restraints as they travel throughout the prison.

Bowman's amended complaint fails to state a claim upon which relief can be granted as to the Eighth Amendment because it lacks factual content allowing the court to draw the reasonable inference that the conditions of his confinement involve the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *Wilson v. Seiter,* 501 U.S. 294, 298-305 (1991); *James v. Milwaukee County,* 956 F.2d 696, 699 (7th Cir. 1992)("not all prison conditions trigger eighth amendment scrutiny--only deprivations of basic human needs like food, medical care, sanitation, and physical safety.").

## IV.

Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993); see also *Woodard v. Jackson,* 2004 WL 771244, at *8 (S.D.Ind. 2004). For the reasons explained above, that is the case here. Accordingly, this action must be dismissed pursuant to § 1915A(b), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/01/2009

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana